## BAGWELL v. ATLANTA CONSOLIDATED STREET RAILWAY COMPANY.

An action by a father for the loss of the services of his minor daughter, occasioned by personal injuries, should not be dismissed because she, after reaching her majority, refused to obey an order of the court in which the action was pending, requiring her to submit to a physical examination of her person by a physician.

Argued December 7, 8, 1899. — Decided January 27, 1900.

Action for damages. Before Judge Berry. City court of Atlanta. January 24, 1899.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, for plaintiff. *Goodwin & Hallman*, for defendant.

LUMPKIN, P. J. The record is voluminous and redundant, but, after relegating from it all save that which is really material, we find that the case, as now presented, turns upon the single question on which the ruling announced in the headnote is made. We do not think this question requires elaborate discussion. It would be going a great length to hold that such an action by a father should be defeated by the refusal of a daughter who, though not quite twenty-one years old, was practically a grown woman, to submit her person to a physician for physical examination. Certainly, if as was alleged in this case, the physician, though eminent in his profession and a thorough gentleman, was distasteful to the daughter, it would have been placing upon the father, even if she had still been under his control, a great and painful burden to coerce her to undergo an examination or else give up his cause of action. But

that is not the case with which we are now dealing, for the record shows that the refusal upon which the judge's order of dismissal was based was made by the daughter after she had become of age.    At that time her father had no right or authority to control her person or her movements.    His conduct would have been indefensible, if not criminal, if he had undertaken to compel her, against her will, to allow a physician to examine her.    No humane father would, at any cost, attempt such a thing. It may be that if he really desired the examination to take place he might, by perfectly proper means, have induced his daughter to consent to it.    Be this as it may, we are not prepared to hold that he was, in any event, bound to pursue such a course; and moreover, it distinctly appears, as already remarked, that this case was dismissed solely on the ground that Miss Bagwell refused to submit to the examination which the court had ordered to take place.

We have no hesitation in holding that a case should not be thrown out of court because of the conduct of one not a party to it and who was neither legally bound to obey the plaintiff's orders nor subject to his custody or control.    If any court in the world has ever gone so far, we are not aware of it, and we certainly are unwilling to establish such a precedent.    Neither section 4047 of our Civil Code, which confers upon every court of this State the power to control, in furtherance of justice, the conduct of all persons " connected with a judicial proceeding before it," nor the decision of this court in *R. &. D. R. Co.* v. *Childress*, 82 *Ga.* 719, affords any warrant for so doing.    In that case it was simply held that it was within the power of the court, in the exercise of its discretion, to compel *the plaintiff* to submit to an examination.    Referring to a suggestion made in the argument that the rule announced " would operate hardly upon delicate and modest females," Chief Justice Bleckley said (page 722), " we can only say that they would be safely guarded by the discretion of the trial judge.    There would be no danger, we think, in this country, of an examination being ordered needlessly or where an improper shock to modesty or feelings of delicacy would be likely."

We are quite sure the case ought not to have been dismissed.

*Judgment reversed.    All the Justices concurring.*