bearing on the question as to whether the ruling and exception, with reference to which it was made constitute reversible error, and, there being no dispute about the facts, and nothing in the order to show that the recollection of the trial judge in any manner differs from the official stenographer's record, the motion for a resettlement should have been granted. Zimmer v. Railroad Co., 28 App. Div. 504, 51 N. Y. Supp. 247; Gleason v. Smith, 34 Hun, 547; Rubber Co. v. Rothery, 112 N. Y. 592, 20 N. E. 546; Id., 119 N. Y. 633, 23 N. E. 529.

The order appealed from should be reversed, with $10 costs and disbursements, and motion to resettle the case in accordance with plaintiff's twenty-eighth proposed amendment granted, without costs. All concur.

---

(63 App. Div. 126.)

### STEINAU v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. PLEADING—STREET RAILWAYS—INJURY—BILL OF PARTICULARS—CONTENTS.
   In an action for injuries on a street car, plaintiff cannot be required to specify by a bill of particulars the number of the car, the direction in which it was moving, and the names and numbers of the conductor and gripman in charge of it.

2. SAME—ATTENDING PHYSICIANS—MEDICAL AND SURGICAL APPLIANCES—EXPENSE—ITEMIZED STATEMENT.
   In an action for personal injuries, it was proper to require plaintiff to furnish a bill of particulars, giving an itemized statement of her expenses, and the number of weeks she was confined to her bed; but she should not be compelled to specify the names of the physicians who attended her, or the number of visits they made, or the nature and extent of her injuries.

Appeal from special term, New York county.

Action by Anna Steinau against the Metropolitan Street-Railway Company. From an order granting defendant's motion for a bill of particulars, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

B. Gerson Oppenheim, for appellant.
John T. Little, for respondent.

INGRAHAM, J. This action was brought to recover for personal injuries, the complaint alleging that the plaintiff was injured by one of the cars of the defendant, the defendant's agent not giving her sufficient time to board the car; that the plaintiff was thrown to the street and seriously injured, and was obliged to, and did, incur great expense for medical and surgical attendance, appliances, and medicines. The order required the plaintiff to give a bill of particulars specifying the number of the defendant's car and the direction in which it was and had been moving, and the name and numbers of the conductor and gripman in charge thereof. We do not think the court below was justified in compelling the plaintiff to give the particulars above specified, as the plaintiff never got upon the car. It cannot be assumed that she knew the number of the car or the names or numbers of the conductor and gripman, and she expressly denies such

knowledge. She was also required to specify in what respect she was seriously injured. We do not think the plaintiff should be compelled to specify by a bill of particulars the injury complained of, its nature, location, and extent. We think the court below correctly ordered an itemized statement of the expense that the plaintiff was put to for medical and surgical appliances; but we think the particulars should be confined to such a statement, and that the plaintiff should not be compelled to furnish the defendant with the names and addresses of the physicians, the number of visits, and the other particulars specified in the fourth subdivision of the defendant's demand. As to the fifth subdivision, we think the court correctly required the plaintiff to state the number of weeks that she was confined to her bed as alleged in the fourth paragraph of the complaint.

The order should be modified by requiring plaintiff to give the particulars of the expense to which she was put for medical and surgical attendance, appliances, and medicines, and the number of weeks during which she was confined to her bed as alleged in the fourth subdivision of the complaint, and as modified affirmed, without costs. All concur. ·