return charged violations of the law other than the one upon which there had been a trial and dismissal. In the return in the present case there is no violation alleged, other than the one which has been tried, and consequently there is no issue to be tried.

The order must therefore be affirmed, with costs. All concur.

---

### CAVANAUGH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

ACTION FOR INJURIES—PLEADING—BILL OF PARTICULARS—CHARACTER OF INJU-RIES.

> Where a complaint in an action for injuries fully and completely described the injuries, except that it concluded with a statement that "some of the injuries" were permanent, leaving defendant without notice as to what injuries were claimed to be permanent, it was entitled to a bill of particulars specifying permanent injuries.

Appeal from special term, New York county.

Action by Arthur Daniel Cavanaugh against the Metropolitan Street Railway Company. From an order denying defendant's motion for a bill of particulars, it appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and LAUGHLIN, JJ.

Addison C. Ormsbee, for appellant.

T. B. Chancellor, for respondent.

PER CURIAM. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the negligence of the defendant. The complaint, after stating the formal allegations as to the defendant's incorporation, etc., the happening and manner of the occurrence of the accident, and the negligence of the defendant, alleges that "the plaintiff received severe and painful injuries and suffered great pain." Then follow specific allegations of permanent injuries to the ear and hearing, and then the following: "His right shoulder, head, neck, back, and hip were bruised and lacerated, and he was in other respects bruised and wounded, and became and was sick, sore, lame, and disordered, and so remained and continued for a long space of time, and he also received a severe shock to his nervous system; and that some of the said injuries are permanent." The complaint is quite full and complete upon the subject of injuries, and the order denying the motion for the bill would be affirmed were it not for the fact that in the last statement in the fifth paragraph of the complaint it is stated "some of said injuries are permanent." This statement leaves the whole matter of permanent injuries open, and gives to the defendant no notice of the injuries which are claimed to be permanent as distinguished from those that are temporary. We think, therefore, in view of this allegation, that the defendant becomes entitled to a bill of particulars specifying what injuries the plaintiff claims are permanent.

The order should therefore be reversed, with $10 costs and disbursements, and the motion for a bill of particulars granted to the extent of specifying the injuries which plaintiff declares are permanent, with $10 costs.