ROSE ANN O'NEILL, Respondent, *v.* INTERURBAN STREET RAILWAY COMPANY, Appellant.

*Bill of particulars, as to permanent injuries and as to the time that plaintiff was confined to the house.*

In an action to recover damages for personal injuries sustained by the plaintiff, the Appellate Division considered that the defendant was entitled to a bill of particulars as to the injuries which the plaintiff alleged in her complaint that she believed to be permanent, and as to the length of the time that the plaintiff was confined to her home as the result of such injuries.

APPEAL by the defendant, the Interurban Street Railway Company, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 15th day of July, 1903, denying the defendant's motion for a bill of particulars.

*Arthur Ofner*, for the appellant.

*Benjamin F. Norris*, for the respondent.

GOODRICH, P. J.:

The action is to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. The latter appeals from an order denying its motion for a bill of particulars as to the injuries which the plaintiff alleged that she believed were permanent and as to the length of time during which plaintiff was confined to her home.

*Cavanagh* v. *Metropolitan Street R. Co.* (70 App. Div. 1) and *Curtin* v. *Metropolitan Street R. Co.* (65 id. 610) are authority that under a similar complaint the defendant is entitled to a bill of particulars specifying what injuries the plaintiff claims to be permanent; and *Steinau* v. *Metropolitan Street R. Co.* (63 App. Div. 126) is authority that the defendant is entitled to a statement of the length of time the plaintiff was confined to her home as a result of her injuries.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted so as to require the plaintiff to furnish the two items herein referred to, without costs.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted so as to require the plaintiff to furnish the two items referred to in the opinion, without costs.