O'NEILL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. November 13, 1903.)

1. NEGLIGENCE—ACTIONS—PLEADING—BILL OF PARTICULARS.

In an action for personal injuries defendant is entitled to a bill of particulars as to the injuries which plaintiff alleged she believed were permanent, and as to the length of time during which she was confined to her home.

Appeal from Special Term, Kings County.

Action by Rose Ann O'Neill against the Interurban Street Railway Company. From an order denying its motion for a bill of particulars, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Arthur Ofner, for appellant.
Benjamin F. Norris, for respondent.

GOODRICH, P. J. The action is to recover damages for personal injuries alleged to have resulted from the negligence of the defendant. The latter appeals from an order denying its motion for a bill of particulars as to the injuries which the plaintiff alleged that she believed were permanent, and as to the length of time during which plaintiff was confined to her home. Cavanagh v. Metropolitan Street R. Co., 70 App. Div. 1, 74 N. Y. Supp. 1107, and Curtin v. Same, 65 App. Div. 610, 72 N. Y. Supp. 580, are authority that under a similar complaint the defendant is entitled to a bill of particulars specifying what injuries the plaintiff claims to be permanent; and Steinau v. Metro-. politan Street R. Co., 63 App. Div. 126, 71 N. Y. Supp. 256, is au-

thority that the defendant is entitled to a statement òf the length of time the plaintiff was confined to her home as a result of her injuries.

The order should be reversed, with $10 costs and disbursements, and the motion granted, so as to require the plaintiff to furnish the two items herein referred to, without costs. All concur.