## High Splint Coal Company, et al. v. Campbell

(Decided January 17, 1928.)

### Appeal from Harlan Circuit Court.

1. **Master and Servant.**—Under Ky. Stats., sec. 4918, injured employee may not be precluded by his failure to submit himself to examination at hands of physician or surgeon without notice that order has been entered directing him to submit himself to such examination.

2. **Master and Servant.**—That order directing injured employee to submit himself to examination at hands of physician or surgeon, as required by Ky. Stats., sec. 4918, was entered and that claimant had or must take notice of it must appear from official records of Compensation Board and cannot be proved by parol.

3. **Master and Servant.**—Workmen's Compensation Board's order to claimant to submit himself to physician or surgeon for examina-

tion must recite true facts sufficient to charge claimant with notice of its entry, or copy of it must be served on him, before his failure to submit himself to designated physician or surgeon amounts to refusal to submit himself or obstruction of examination, within meaning of Ky. Stats., sec. 4918.

4. Master and Servant.—Ky. Stats., 4918, providing that workman, if requested, shall submit himself to examination by physician or surgeon, and that, if he refuses to submit himself or in any way obstructs examination, right to prosecute proceedings shall be suspended, does not authorize dismissal of proceeding or final termination of previously awarded compensation on claimant's failure to submit to examination.

5. Master and Servant.—Employer is not required to pay traveling expenses by injured employee incident to his appearance before physician or surgeon for examination, since Ky. Stats., sec. 4918, provides only that physician or surgeon making examination must be paid by employer, and section 4941, authorizing board to pay traveling expenses of visiting surgeons in certain cases does not include employee's expenses.

6. Master and Servant.—Under Ky. Stats., sec. 4918, where claimant at time of motion to reopen case to determine whether he had suffered permanent partial disability resided in Ohio, Workmen's Compensation Board should require employer to designate dental surgeon in vicinity where claimant resides and order claimant to be examined by such dentist.

A. G. PATTERSON for appellants.

POPE & HUFF for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant High Splint Coal Company was operating a coal mine and had elected to prosecute the undertaking under the protection of the Workmen's Compensation Act. Ky. St. 1922, sec. 4880 et seq. as amended. Appellee, Herschel Campbell, was one of its employees and had signed the register. In the course of his employment he was injured by falling slate, his most serious injury being a broken jawbone. For the ensuing temporary total disability he has been paid in full. His motion to have the case reopened presented the question whether as a result of his injury he had suffered permanent partial disability. While the proceeding was pending on this question, Mr. Lee, one of the members of the Compensation Board, heard proof orally in Harlan, Ky., and at this hearing appellee testified in person and introduced the evidence of two other witnesses. This evidence is all one

way that, as a result of his accident and improper align-ment of the broken parts of the jawbone when it healed, appellee's teeth do not collide, and it is impossible for him to masticate his food. This condition, as testified to by medical experts, has resulted in serious impairment of appellee's ability to labor. This testimony was taken in June, 1926.

On January 18, 1927, the board entered this order in the proceeding:

"This case having been reopened by the board in behalf of plaintiff, and the board on June 17, 1926, having entered the following order: 'Heard in part and plaintiff directed to present himself to Dr. C. P. Mahall, at Harlan, Ky., for examination and both parties given 30 days each to complete by deposi-tion'—and from the records before us we find that the plaintiff has failed and refused to comply with the above order, and by so doing his case is hence dismissed for the above reason."

Appellee then filed a written motion to have that order set aside upon the ground that he had never been advised, if such was the case, that the board had directed that he submit himself to Dr. Mahall for examination. The board overruled his motion, and appellee prosecuted an appeal to the Harlan circuit court where the judgment of the board dismissing his proceeding was set aside, and it was adjudged that appellant High Splint Coal Com-pany furnish to appellee the necessary traveling ex-penses to present himself for examination in Harlan, Ky., before Dr. Mahall, and that the board proceed to try the question indicated on its merits. This appeal is prosecuted from that judgment.

Most of the confusion and uncertainty attendant upon the questions presented by this appeal grow out of the failure upon the part of the Compensation Board to make official record of the various steps of this proceed-ing. Many records of proceedings which originate be-fore the Kentucky Workmen's Compensation Board which reach this court present similar confusion and un-certainty. One of the chief controversies presented by this appeal is one of fact; that is whether at the hearing in June, 1926, the Compensation Board, acting through its member, Mr. Lee, ordered appellee to present himself to Dr. Mahall, at Harlan, Ky., for medical examination.

Appellee and his two attorneys have made and filed, in support of his motion to set aside the order of the board dismissing this proceding affidavits stating that no such thing was done. Resisting that motion, there was filed for appellant the affidavit of its attorney stating that at the hearing in June, 1926, the board did direct appellee to submit himself for examination to this dentist. A stenographer's transcript of testimony found copied in the record indicates that at the June, 1926, sitting of the board in the town of Harlan, Ky., the testimony of appellee, Herschel Campbell, and that of Dr. W. H. Crawford, a dentist, was heard by Hon. Joseph M. Lee, member of the board, and that both parties were represented by counsel. The day in June when this open hearing was had is not anywhere indicated. The order which was entered January 18, 1927, dismissing this proceeding quotes what purports to be an order entered on June 17, 1926, directing appellee to present himself to Dr. Mahall for examination. The thing quoted does not indicate that appellee was present when the order was entered either in person or by attorney, and nothing appearing in the record establishes that fact.

A claimant may not be precluded by his failure to submit himself to examination at the hands of a physician or surgeon without some notice that the order has been entered directing him to submit himself to such examination. The fact that such order has been made and notice of it to claimant may not be established by parol testimony. That such an order was entered and that the claimant had or must take notice of it must appear from the official records of the board. No such record appears herein.

Section 4918, Kentucky Statutes, provides for the examination of a claimant at the hands of a duly qualified physician or surgeon, designated and paid for by the employer. The employee, if he so desires, may have a duly qualified physician or surgeon selected and paid for by himself present at such an examination. That section further provides:

"If an employee refuses to submit himself to or in any way obstructs such examination his right to take or prosecute any proceedings under this act shall be suspended until such refusal or obstruction ceases and no compensation shall be payable for the

period during which said refusal or obstruction continues."

The Workmen's Compensation Board may direct a claimant to submit himself to a physician or surgeon for examination under this section of the Statutes only by entering an order on its official records to that effect. The order must recite true facts sufficient to charge the claimant with notice of its entry, or a copy of it must be served on him, before by failing to submit himself to the designated physician or surgeon he can be said to refuse to submit himself to or obstruct such examination, within the meaning of the statute, supra.  Either a refusal to submit to or an obstruction of the examination, within the meaning of the statute, supra, must appear before the proceeding may be suspended.  A suspension of the proceeding until the refusal or obstruction ceases and, in cases where compensation previously has been allowed, suspension of its payment during the period of such refusal or obstruction appear to be the only penalties provided by this statute.  Dismissal of the proceeding or a final termination of previously awarded compensation does not seem to be contemplated.

For the reasons indicated, this court has concluded that the Harlan circuit court properly adjudged that the board was without authority under the facts here appearing to dismiss this proceeding which required the board to determine whether as a result of the injury, which it is conceded he received in the course of his employment, appellee has been permanently partially injured, and, if so, to what extent.

Appellee appears to have moved from his former home in Kentucky to Akron, Ohio.  The judgment of the Harlan circuit court directs that appellant furnish to appellee the necessary traveling expenses to enable him to appear before Dr. Mahall, at Harlan, Ky.  This court has not had pointed out to it and does not find in the Kentucky Workmen's Compensation Act any provision that requires the employer to pay the expenses incurred by the injured employee incident to his appearance before the physician or surgeon for examination.  Section 4918, supra, provides only that the physician or surgeon who makes the examination must be paid by the employer. Nothing appearing in the record indicates that appellee moved from Kentucky to Ohio to evade or obstruct the examination of himself at the hands of the dental surgeon

designated. No provision of the Compensation Act suggests or indicates that a claimant's right to compensation or the continuation of that right depends upon his residing at the time he applies or continuing to reside in the vicinity of the place where he was injured. Section 4941, which provides in certain cases that the traveling expenses of the surgeon who visits and examines the claimant on the order of the board may be paid from the board's maintenance fund, does not fit the state of the case here presented. However, the Compensation Act contemplates that the employer and the employee act in good faith with each other in their relations growing out of its operation, and that the board in its official acts in administering the law should be in utmost good faith toward both the employer and employee. It would be a manifest hardship to require appellee, Campbell, to journey from Akron, Ohio, to Harlan, Ky., to be examined by a dentist, when an examination at the hands of skilled dental surgeons doubtless may be had where he now resides. The board should require appellant to designate some surgeon in the vicinity where appellee now resides, if he is yet a nonresident, before whom it may direct appellee to appear for examination, and that action taken when his attorneys are present or pursuant to notice served on his attorney, which fact must be shown by the order, or a copy of the order served on them will be notice to him. The proceeding should then be tried on its merits, both parties being given opportunity to produce proof.

Reversed and remanded for proceedings consistent herewith.