Ivory Kirby was awarded judgment for workmen's compensation by the District Court of Ouachita Parish against his employer, Terminal Paper Bag Company, Inc., and its insurer, Central Surety and Insurance Corporation, at the rate of $7.80 per week during disability, not to exceed, however, 400 weeks. On appeal to this court the judgment was affirmed. 6 So.2d 562.
To the end that Kirby's physical condition with respect to his ability to do work of a reasonable character, might be determined, on November 16, 1942, defendants' counsel addressed a letter to Dhu Thompson, Esquire, attorney at law, who represented Kirby in said suit, wherein the desire *Page 598 
to have him submit to a physical examination, was expressed. The request was therein made that he report at the office of Dr. A.G. McHenry, in the City of Monroe, Ouachita Parish, for the examination, at the hour of 2 p.m. Friday, November 20th. No response of any character was made to this request, notwithstanding Mr. Thompson communicated the same promptly to Kirby. On January 14th the present proceeding was instituted by defendants. It is a rule on Kirby to show cause, if any he has, at the hour of 10 a.m. January 25th, why he should not at defendants' expense, submit to a physical examination by Dr. McHenry in the City of Monroe, and why, upon his failure to do so, the right to be paid further compensation under said judgment should not be declared forfeited. It was learned that Kirby, many months prior had moved to Detroit, Michigan. Mr. Thompson was named by the court as curator ad hoc and service of process of court was made upon him in that capacity.
Immediately after said service Mr. Thompson wrote the plaintiff (defendant in rule) advising of the issuance of the rule and explained to him its meaning and purpose. A copy of the papers was enclosed with this letter. Defendant in rule consulted counsel in Detroit, who, on January 22d, wired Mr. Thompson to oppose the rule, stating therein that a letter would follow. It did follow and thereafter Mr. Thompson, in the capacity of attorney for defendant in rule, appeared and excepted to the form of procedure. The exception was overruled. Answer was then filed. It is averred therein that defendant in rule, on account of the smallness of compensation payments and the increase in living expenses, went to Detroit to live with a sister during his disability and has since that time lived with relatives in said city; that he is still disabled to perform manual labor and is entitled to payments of compensation under said judgment; that he is without the means or money necessary to defray his expenses to Monroe, Louisiana, for the desired examination; that there are in the City of Detroit, physicians and surgeons competent to make a thorough and complete physical examination of him, and of reporting thereon; and that: "Appearer is perfectly willing to submit to any examination required of him based on reason and that upon timely notice he will be glad to submit to such examination by such physician as may be designated where he is now located * * * and for any request or demand that he be forced to travel to distant points for examination is unreasonable and unjust and will deprive him of his just rights under the compensation law of Louisiana and his rights of the judgment heretofore rendered herein."
He prays that the demands of plaintiffs in rule be rejected at their cost.
On his own application, the testimony of defendant in rule was taken under commission. Trial of the rule was postponed until this had been done. He did not report for examination. The rule was tried and submitted upon the face of the papers and said testimony. It was made absolute and judgment was rendered thereon in keeping with the order granting the rule and the prayer therefor. Defendant in rule appealed.
We assume that the exception to the form of procedure has been abandoned as it is not mentioned nor argued in brief of the exceptor. However, in passing, we will add that we do not think there is merit in the same.
The primary issue tendered on the merits is whether the order of the court requiring defendant in rule to return to Monroe for physical examination, all things considered, is, within the meaning and intendment of the Employers' Liability Act, Act No. 20 of 1914, as amended, reasonable. Defendant in rule says it is not, while plaintiffs in rule contend adversely.
The pertinent sections of the Employers' Liability Act are: "Section 9. * * * That an injured employee shall submit himself to examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter, as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payment under this act." (As amended by Act No. 38, Session Acts of 1918).
"Section 10. * * * That if the employee refuses to submit himself to a medical examination as provided in Section 9, or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this act shall be suspended until such examination takes place. And, when a right to compensation is suspended no compensation shall be payable in respect of the period of suspension." (As amended by Act No. 38, Session Acts of 1918). *Page 599 
We agree with the argument that defendant in rule should have made it known to plaintiffs in rule or their counsel before the rule was sued out, that he was living in Detroit and, if such were true, not in a financial position to, or could not for any other reason return to Monroe for the examination, but was willing to submit to an examination in Detroit by a physician named by the plaintiffs in rule. If he had done this, we feel certain his wishes would have been acceded to, and the issuance of the rule would not have been necessary. Because of his silence when he should have spoken and lack of cooperation in other respects, it is argued that it is now too late to require that the examination be made by a physician in Detroit.
If defendant in rule acted within his legal rights in refusing to come to Monroe for the examination we are of the opinion his tardiness in making his position known did not work forfeiture of the right to thereafter contend for what the law accords him.
We do not think it was intended by the Employers' Liability Act that an employee to whom had been awarded compensation should be forced to return for examination to the jurisdiction of the court making the award, regardless of all circumstances, as a condition precedent to continuance of payments. If he could be required to return in the present case, a distance of approximately one thousand miles, by the same token, if he lived in California, over two thousand miles distant, he could be so required; and so on ad infinitum.
It is not the law that one entitled to compensation payments has to live within the jurisdiction of the court making the award, while payments thereof are being made; not even within the state. Circumstances could be such as to demand, for his physical welfare or otherwise, that he establish residence a long way from the territorial jurisdiction of the court making the award. It would be unreasonable, under such conditions, to require him to return "from time to time" and submit to physical examinations. Particularly is this true since there are to be found competent and trustworthy physicians and skilled surgeons in every part of the country.
Laws of the character discussed should be and are strictly construed. While enacted primarily for the protection of the employer and to promote justice, yet, in enforcing same, the rights and convenience of the injured employee should not be entirely overlooked. The law should be construed and enforced in a manner that will achieve its obvious purposes and at the same time inflict the minimum of hardship upon those it affects. In other words, it should be enforced rationally; that is, in conformity with the dictates of reason.
In Weaver v. Mansfield Hardwood Lumber Company et al.,1 So.2d 103, this court held that it was reasonable to require the plaintiff, who lived 75 miles from the City of Shreveport, to go there for examination by a specialist selected by the defendant. This ruling would certainly not have been made had there been available such a specialist in the City of Natchitoches, plaintiff's home, or elsewhere nearer than Shreveport.
We have found but two cases arising in jurisdictions outside of this state wherein these particular provisions of the Employers' Liability Act are discussed and construed in the light of the facts of each case. None were cited to us.
In a Tennessee case, that of Helfenberger v. Harriman Northeastern R. Co., 156 Tenn. 14, 299 S.W. 793, 794, the court said:
"In compensation cases the statute requires that the `injured employee must submit himself to the examination by the employer's physician.' This right conferred upon the employer is contrary to the common law, as interpreted in Williams v. Iron Works, supra [131 Tenn. 683, 176 S.W. 1031, 1034, Ann.Cas.1916B, 101], and is a right denied to defendants in other actions. We think the statutory provision must therefore be strictly construed, so as not to impose upon the plaintiff any further obligation than is expressly required.
"The statute requires that the employer `shall pay for the services of the physician making the examination at the instance of the employer.' It does not provide that the employer shall pay the expenses of the employee, incurred in going to the place of examination. The failure to make such provision indicates clearly that the Legislature did not intend that the employee should be required to go to a distant point for the examination, or to a point outside the county of his residence, or the county in which the action for compensation is brought.
"It is our opinion that the statute cannot be so construed as to confer upon the court power to require that the plaintiff, in an *Page 600 
action for compensation, leave the county, where the suit is pending, for the examination requested by the defendant.
"The decree of the chancellor will be reversed, and the cause remanded for further proceedings."
The case of High Splint Coal Company et al. v. Campbell, a Kentucky case, reported in 222 Ky. 591, 1 S.W.2d 1051, 1053, is in point. There the plaintiff after compensation award to him for disabling injuries, moved from his home in Kentucky to Akron, Ohio. He applied to have the case reopened, after establishing residence in Ohio, on the ground that his disability had become permanent. The court, inter alia, said:
"No provision of the Compensation Act suggests or indicates that a claimant's right to compensation or the continuation of that right depends upon his residing at the time he applies or continuing to reside in the vicinity of the place where he was injured.
"It would be a manifest hardship to require appellee, Campbell, to journey from Akron, Ohio, to Harlan, Ky., to be examined by a dentist, when an examination at the hands of skilled dental surgeons doubtless may be had where he now resides. The board should require appellant to designate some surgeon in the vicinity where appellee now resides, if he is yet a nonresident, before whom it may direct appellee to appear for examination * * *."
Whether plaintiff's disability to perform manual labor has ceased is not an issue in this proceeding. If it were, his own testimony would go far toward establishing the affirmance of the issue. He gave the following testimony pertinent thereto, to-wit:
"Q. Why did you consistently ignore defendant's request for physical examinations and offer no excuse or explanation for such until defendants were compelled to institute this action? A. I never answered because I could not afford to go back to Louisiana for a physical examination.
* * * * * *
"Q. Is there any other reason why you can't be examined by Doctor A.G. McHenry at Monroe, Louisiana? A. I have a good position in Detroit when I am able to work and I cannot afford to go back and take time off from my job. I am working in a war industry in a defense plant and I can't afford to go down there for an examination."
He also testified that he did not possess sufficient cash money to come to Monroe. He expressly declined to divulge the places at which and for whom he had worked for the twelve months prior to giving his testimony and the wages paid him during that time. He stated that his refusal to answer the questions seeking to elicit this information was upon advice of counsel that the questions were irrelevant to the issue.
While being of the opinion that the court erred in ordering Kirby to submit to physical examination in Monroe, Louisiana, we see no good reason why the proceedings preliminary to obtaining the rule should be dismissed. By appropriate supplemental pleadings the case may be taken up at that point and prosecuted in keeping with the terms of the law as interpreted and discussed herein.
For the reasons herein assigned, the judgment appealed from is annulled, avoided and reversed, and it is now ordered that this case be and it is hereby remanded to the lower court for such action as the parties may elect to adopt in keeping with the views herein expressed. The costs of appeal are assessed against the appellees; liability for other costs will await final decision.