Charles Lambiase, J.
This is a motion brought on by the defendant “ for an order directing the plaintiff to serve a further bill of particulars responding fully to paragraphs ‘ 4 ’, 1 5A ’, * 5B ’, ‘ 7 ’ and ‘ 11 ’, of the demand for a bill of particulars herein, and striking from paragraph ‘ third ’ of the bill of particulars herein, certain allegations of general negligence, and for such other and further relief as to the court may seem just, together with the costs of this motion.” (Notice of motion dated June 6, 1961.)
Following argument, all matters in dispute between the parties were resolved insofar as the application is concerned, except as to items in paragraphs “ 4 ” and “11” above. In paragraph “4” of defendant’s demand for a bill of particulars defendant requests: “ 4. A statement specifying whether it is claimed the defendants had actual or constructive notice of the alleged defects and conditions. If actual notice is claimed, specify when, where, by whom, to whom and in what manner such notice was conveyed. If constructive notice is claimed specify how long the alleged defects and conditions existed prior to the time of the accident.” Defendant contends that it is unable to adequately meet these issues without a clear concise *1097 response to the demand, and contends that the information furnished by plaintiffs does not meet that standard. While not specifically set forth in the affidavit of plaintiffs’ attorney, it was stated upon the argument by said attorney that the information was not furnished because of inability to do so. We agree with defendant’s attorney when he writes “ one is left with the unavoidable conclusion that the plaintiffs will rely on an examination before trial, and that the reason that they have not provided the information required is that the examination before trial has not been held.”
Defendant concedes that where a party is unable to obtain the required information at the time when a hill of particulars is required to be served, and where counsel in good faith furnishes the fullest bill of particulars which the circumstances then permit, stating Ms inability to particularize the special aspects of the claim at that time, no court should grant an order of preclusion. (e Where a party is unable to obtain the necessary information at the time when a bill is required to he served but there is reasonable prospect that he will be able to do so before the trial, such a statement has often been recognized as a sufficient substitute for such information [citing cases]. Otherwise meritorious claims might he defeated through preclusion orders calling upon plaintiffs prematurely to specify information in the possession of defendants wMch later may be elicited by examination before trial, or, where such examinations cannot he had, by calling adverse parties or their employees as hostile witnesses at the trial.” (Schlank v. East Riv. Sav. Bank, 272 App. Div. 56, 58.)
There is reasonable ground to believe that as a result of said examination before trial of defendant, plaintiffs will be enabled to supply the information requested. Plaintiffs concede that if they do obtain the information, it should he given to the defendant. We are in agreement that the defendant should have such information as shall he available. Defendant maintains, however, that it is entitled to the information as obtained by the plaintiffs prior to the time that the case is noticed for trial. On the other hand, plaintiffs contend that they should he allowed to file a note of issue prior to furnishing the information.
We make the following disposition of the matter under discussion : Defendant is directed to accept the bill of particulars as served with leave to the defendant to make such motions as it may be advised in the event plaintiffs fail to serve a supplemental bill of particulars including such other motions as it may be advised to make in the event plaintiffs do not proceed diligently to apply for an order to examine the defendant before *1098 trial and to continue and to complete such examination. The determinations thus made will give authority to the bill of particulars which has been served, will permit plaintiffs to apply for an examination before trial of defendant, and at the same time will protect defendant’s rights to a full bill of particulars. (Eisenstaedt v. Schweitzer, 3 A D 2d 716.) Defendant may again move to preclude should it be so advised after completion of the examination before trial by plaintiffs at which time the effect of such examination upon the matter under discussion will have been ascertained and evaluated.
Since there must be such an examination, it must be had and completed before a notice of issue and stipulation or statement of readiness are filed to place the ease on the calendar. (Rules of App. Div. 4th Dept., Special Rule Respecting Calendar Practice.) We believe, therefore, that it is reasonable to require the furnishing of the requested information, if obtained through said examination, at a reasonable time after the examination before trial is held and before the case is noticed for trial. (See Attia v. Koelling, 9 A D 2d 867.) It is true that a court “ cannot require a plaintiff to furnish the particulars of evidence which is not within his power to furnish or preclude him from giving lawful and proper evidence upon the trial, by reason of bis inability to specify in advance what such evidence will disclose.” (People v. McClellan, 191 N. Y. 341, 348.) However, that “ inability ” will not be fully determined in this instance until the examination before trial has been completed.
The second matter for determination concerns itself with paragraph “ 11 ” of defendant’s demand which reads as follows: “ 11. A particular statement setting forth the number of times the plaintiff Theresa Spiotto claims she was treated by a physician at her home and the number of times the plaintiff Theresa Spiotto claims she was treated by a physician at the physician’s office.” Plaintiffs contend that they are not required to furnish the particulars on this item citing as authority Steinau v. Metropolitan St. Ry. Co. (63 App. Div. 126) and other cases which cite the Steinau case as authority. But see, however, the cases of Mioducki v. Becht (285 App. Div. 863 [4th Dept., 1955]) and Attia v. Koelling (9 A D 2d 867 [4th Dept., Nov. 1959]). In the Mioduchi case the court in affirming the granting of a similar order said: “We regard the order appealed from as a discretionary order and we see no reason to disturb the discretion of the Special Term.” In the Attia case the court in affirming said: “ We do not interpret the direction to state the number of visits to physicians as requiring the names of physicians,”
*1099 In the light of the above discussion we conclude that the granting or the denial of the relief asked for under item “ 11 ” is discretionary with us. And in view of the decisions last above cited and in the exercise of our discretion, we grant the relief asked for under item “11” of defendant’s demand. (Sakolish v. Lilga, 25 Misc 2d 205.)