FRED HELFENBERGER *v.* HARRIMAN NORTHEASTERN RAILROAD
COMPANY.*

(*Knoxville.* September Term, 1927.)

Opinion filed, November 21, 1927.

1. **DAMAGES. PERSONAL INJURIES. COMMON LAW. EXAMINATION.**

At common law where the defendant makes application to require
the plaintiff suing for personal injuries to submit to a physical
examination by a physician or surgeon, the physician or surgeon
must be selected by the trial judge and must be one of competent skill and indifferent between the parties. (Post, p. 17.)

Citing: Williams v. Iron Works, 131 Tenn. (4 Thomp.), 684.

2. **WORKMEN'S COMPENSATION. EMPLOYER AND EMPLOYEE. EXAMINATION BY PHYSICIAN. CONSTRUCTION OF STATUTE.**

Under our Workmen's Compensation Statute the provision that the
injured employee must submit to the examination by the employer's physician *is contrary to the common law,* and must
therefore be strictly construed in favor of the employee. (Post,
p. 17.)

Citing: Chapter 123, sec. 25, Acts of 1919.

3. **WORKMEN'S COMPENSATION. EMPLOYER AND EMPLOYEE. EXAMINATION BY PHYSICIAN. CONSTRUCTION OF STATUTE.**

Since the Workmen's Compensation Law provides that the services
of the physician making an examination at the instance of the
employer shall be paid by him, and does not provide that the
employer shall pay the expenses of the employee in going to
the place of examination, failure to make such provision shows a
clear legislative intent that the employee should not go to a
distant point for such examination. (Post, p. 18.)

Citing: Chapter 123, Acts of 1919.

*On duty of injured employee to submit to an examination, see
annotation in L. R. A., 1916A, 84, 160; 6 A. L. R., 1270; 41 A. L. R.,
866; 28 R. C. L., 826; 6 R. C. L. Supp., 1764.

4. **WORKMEN'S COMPENSATION. EMPLOYER AND EMPLOYEE. EXAMINATION BY PHYSICIAN. CONSTRUCTION OF STATUTE.**

The Workmen's Compensation Statute cannot be construed so as to require the employee to leave the county where the suit is pending for an examination by a physician at the request of the defendant. (Post, p. 18.)

---

*Headnotes 1. Workmen's Compensation Acts, C. J., section 104; 2. Workmen's Compensation Acts, C. J., section 104 (Anno).

---

### FROM ROANE.

---

Appeal from the Chancery Court of Roane County.— HON. J. H. WALLACE, Chancellor.

HAGGARD, BURN & WRIGHT, for complainant.

H. M. CARR, for defendant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Helfenberger began this action in Roane County, where he resided, seeking an award of compensation under the provisions of the Workmen's Compensation Law, Acts 1919, chapter 123.

In support of his action he took the depositions of two physicians, who had examined him, one of whom resided in Rockwood, Roane County, and the other resided in Knoxville, Knox County.

The Roane County physician testified that he had made an X-ray examination of Helfenberger, and, with the X-ray pictures before him, stated that Helfenberger was suffering from an injury to his spine of a permanent nature.

The Knox County physician testified that from his examination of Helfenberger, it was his opinion that

Helfenberger did not have a permanent injury, but stated that his opinion was not as reliable as one based upon an X-ray examination. He was not shown the X-ray picture, which had been filed as an exhibit to the deposition of the other physician, although he repeatedly suggested in his deposition that it be shown him.

There is no evidence that the physician who made the X-ray examination, a man of twenty-three years practice, was not competent to make and correctly interpret such an examination.

After these two depositions had been filed, an order was entered by the Chancellor reciting that the defendant had requested Helfenberger to appear before its physician at Chattanooga, Hamilton County, Tennessee, and subject himself to a physical and X-ray examination; that Helfenberger had failed to comply with the request, but at the time of the request, and also in open court, agreed to submit himself to such examination by the physicians of the defendant in Roane County; that, upon motion of the defendant, it was ordered that Helfenberger submit himself to said examination at Chattanooga, and that further proceedings in the cause be suspended until the examination be made.

The order further recited that Helfenberger would have the right to the presence of his own physician at such examination, and that the defendant "will pay all the cost of complainant making said trip to Chattanooga, Tennessee."

The complainant excepted to this order, and, upon his prayer therefor, an appeal was granted him to this court.

The order appealed from was made by the Chancellor upon the authority of section 25 of the Workmen's Compensation Statute (Acts 1919, chapter 123), which provides as follows:

"The injured employee must submit himself to the examination by the employer's physician at all reasonable times if requested to do so by the employer, but the employee shall have the right to have his own physician present at such examination, in which case the employee shall be liable to such physician for his services. The employer shall pay for the services of the physician making the examination at the instance of the employer. And in case of dispute as to the injury, the court may, at the instance of either party or on its own motion, appoint a neutral physician of good standing and ability to make an examination of the injured person and report his findings to the court, the expense of which examination shall be borne equally by the parties. If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical service which the employer is required to furnish under the provisions of this Act, his right to compensation shall be suspended and no compensation shall be due and payable while he continues such refusal."

(1) In *Williams* v. *Iron Works,* 131 Tenn., 684, this court sustained the power of a trial court to require the plaintiff in a common-law action for damages to submit himself to a physical examination, and to dismiss the suit upon failure of the plaintiff to comply. The court said, however: "If the application be granted, the plaintiff cannot be required to submit his body to the examination of a physician or surgeon selected by the defendant. The physician or surgeon must be selected by the trial judge, and he must be one of competent skill, and indifferent between the parties."

(2) In compensation cases the statute requires that the "injured employee must submit himself to the examination by the employer's physician." This right

156 Tenn.—2.

conferred upon the employer is contrary to the common law, as interpreted in *Williams* v. *Iron Works, supra,* and is a right denied to defendants in other actions. We think the statutory provision must, therefore, be strictly construed, so as not to impose upon the plaintiff any further obligation than is expressly required.

(3) The statute requires that the employer "shall pay for the services of the physician making the examination at the instance of the employer." It does not provide that the employer shall pay the expenses of the employee, incurred in going to the place of examination. The failure to make such provision indicates clearly that the Legislature did not intend that the employee should be required to go to a distant point for the examination, or to a point outside the county of his residence, or the county in which the action for compensation is brought.

(4) It is our opinion that the statute cannot be so construed as to confer upon the court power to require that the plaintiff, in an action for compensation, leave the county, where the suit is pending, for the examination requested by the defendant.

The decree of the Chancellor will be reversed and the cause remanded for further proceedings.