TRENT *v.* AMERICAN SERVICE CO.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

CATES, FOWLER, LONG & FOWLER and WILBUR W. PIPER, all of Knoxville, for plaintiff in error.

HODGES & DOUGHTY, of Knoxville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In July, 1945, plaintiff in error, Trent, received an injury to his spine compensable under the Workmen's Compensation Law. Treatment, including an operation in August, 1945, was received, and compensation was paid through April 5, 1946, when payments were discontinued on the theory of employer, American Service Company, defendant in error here, that Trent had entirely recovered from the injury. Trent disagreed with that conclusion, and instituted this suit in July, 1946, alleging permanent partial disability that substantially decreased his earning capacity so as to entitle him to disability payments of $18.00 per week. The answer of the employer denied disability "to any degree as a result of said injury by accident," and on February 28, 1947 filed a motion for an order to require Trent to submit to the medical examination hereinafter detailed, or, in the event of refusal, to order suspension of compensation payments to which he

might otherwise be entitled during the continuation of such refusal. This motion was based upon that section of the Workmen's Compensation Law carried in Code, Section 6875, as amended by Chapter 90 and Chapter 117 of the Acts of 1941 and 1943, respectively. Employer had requested Trent on January 21, 1947 to submit to this examination. Trent refused and resisted the subsequent motion.

The ailment alleged by Trent is that he cannot walk in the dark, and staggers when he does walk, and has violent cramping pains in the stomach with occasional vomiting and pains in the back. His pupils are contracted "and reacted to light but not to accommodation." The uncontradicted expert testimony is that these symptoms strongly indicate syphilis in the tertiary stage. This disease in that stage can be discovered only by an examination of a specimen amounting to three or four centimeters of the spinal fluid. The only way of obtaining this specimen is by injecting a needle into the soft tissue and between the vertebrae. The total penetration in the body is usually from three to five inches. Local anesthetic is applied to the skin surface and eliminates the only possible pain. There is no bleeding. No infection results. The patient is hospitalized for a few hours after the puncture to prevent headache. This means of procuring a specimen of spinal fluid has been employed by the medical science for many years. There is no record of resulting death, injuries or fainting. If performed in an unskilled manner paralysis lasting to a maximum of four hours may result. The doctor proposed by the employer to extract this fluid is an expert of recognized standing. The employer proposed to pay all expenses. The employee, Trent, says that he will not permit any doctor to extract this fluid because he is afraid that it may result in death or permanent injury.

He offers no evidence of any possibility of such results other than to say that he once heard that a distant kinsman was injured permanently in this manner. Trent is a man of intelligence.

The Trial Court in a splendid and well considered opinion held that the examination requested was reasonable and that the refusal of Trent to comply with that request was arbitrary and unreasonable and, accordingly, ordered that any compensation to which he would otherwise be entitled be suspended from the date of his refusal, January 21, 1947. Upon this appeal by writ of error, Trent insists that he is not required by Code, Section 6875, as amended, to submit to this examination because (1) it necessitates what Trent calls an operation which can result in "possible pain and paralysis" and requires absence from employment, and is for the purpose of obtaining "evidence for defendant," and (2) because after three months from date of notice of injury the Court was without power under said Code Section to require him to undergo "surgical treatment and hospitalization," and (3) the employer having denied any liability and discontinued payment is, therefore, without right to request such "examination or operation."

The provision of the Workmen's Compensation Law which controls the decision of the issues made in this case is carried in the third paragraph of code section 6875 as amended and reads, in so far as pertinent here, as follows: "The injured employee must submit himself to the examination by the employer's physician at all reasonable times if requested to do so by the employer, . . . . If the injured employee refuses to comply with any reasonable request for examination, . . . his right to compensation shall be suspended and no conpensation shall be due and payable while he continues such

refusal." The insistence of Trent that he cannot be required to undergo "surgical treatment and hospitalization" after ninety days from date of notice of injury is grounded upon the first paragraph of section 6875 whereby the employer is required to furnish and the employee to accept medical and surgical treatment and necessary supplies for a period of three months after notice of the injury. This has nothing whatever to do with the above quoted provision of the third paragraph requiring the employee "at all reasonable times" to submit himself to an examination reasonably requested. The three months period during which medical and surgical treatment are required necessarily include physical examination. Otherwise, intelligent treatment could not be rendered. The provision of the third paragraph requiring submission to examination "at all reasonable times" when requested, therefore, would have been surplusage if the examination contemplated is to be limited to the three months within which medical and surgical treatment is required. The purpose of the provision of the third paragraph whereby the injured employee must comply "with any reasonable request for an examination" "at all reasonable times" is obviously for the purpose, among others, of furnishing to the employer a fair means of ascertaining if and when the employee has entirely recovered from the injury for which the employer is paying compensation or of ascertaining whether the ailments from which the employee suffers at some period subsequent to the injury is due to that injury or to some other cause not connected with his or her employment. The instant case furnishes an apt illustration. According to all expert evidence the character and location of the suffering of Trent, his physical appearance and inability to steadily walk, all strongly suggest that his condition is due to syphilis in the tertiary stage. If this

is the cause of his suffering and disability, then his employer is not liable for any payment therefor under the Workmen's Compensation Law since it would not be the result of an injury arising out of and in the course of his employment. Because there are manifest symtoms which strongly suggest the probability of such syphilis, the request of employer for a reasonable examination to determine whether such apparent probability is or is not a fact is a reasonable request, and leaves for determination the question of whether the particular examination requested is a reasonable examination, having especially in mind the treatment to which he must be subjected in order that the examination be made, and the physical results upon him reasonably to be expected because of such treatment.

 Reference to other cases is of little assistance in determining whether under our Workmen's Compensation Law a particular examination requested, and attended by the necessary acts incident to such examination, is reasonable. This is true because each case must be determined upon all the particular facts of that particular case. It is generally held in construing this law that a seasonally made request by employer for a surgical operation which is not attended with extraordinary pain or suffering or danger to life or health and which offers appreciable prospect for relief is a reasonable request which the employee must either grant or release employer from further obligation, at least so long as he refuses. *Sun Coal Co.* v. *Wilson,* 147 Tenn. 118, 245 S. W. 547. By appropriate analogy, and upon what seems to us to be sound principle, we hold that when it reasonably appears that the affliction of the employee may be due to some cause not arising out of and in the course of employment, then a request for such necessary examination as will determine whether the illness is due to such cause is not un-

reasonable, if it satisfactorily appears without contradiction that the conducting of such an examination is not attended with appreciable pain or suffering or danger to life or health. In accordance with this principle, if an employee reasonably appeared to be suffering from some disease which an analysis of his blood would disclose, then an examination which required the pricking of his body to obtain a specimen of that blood would not be unreasonable. Such examination is not attended with appreciable pain, suffering, or danger. In the case at bar it reasonably appears that plaintiff in error may be suffering from syphilis in the tertiary stage. The only way known to the medical science to certainly determine whether he is suffering from such syphilis is to examine a specimen of his spinal fluid. The obtaining of that specimen requires the doing of an act to his body which is not attended with appreciable pain, suffering or danger to life or health. The examination falls within the same class as that which requires a specimen of blood in the illustration made. The examination requested is, in our opinion, entirely reasonable, and the refusal of plaintiff in error to submit thereto is arbitrary and without justification. That being true, under code section 6875 his right to compensation is suspended so long as he continues such refusal. The fact that such examination will require that he go to the hospital and remain a day makes no difference. The law, the benefits of which he claims, requires him to submit to this reasonable examination. Any physical examination would probably necessitate a trip either to the hospital or to a doctor's office, and require some length of time. The fact that it may require a day in the hospital is not a hardship inconsistent with the examination which this law requires.

■ We do not agree with the insistence that plaintiff in error has forfeited his right to request such reasonable examination because he has denied liability and discontinued payment. The law does not so condition the right of the employer to have a reasonable examination of employee at reasonable times.

Affirmed with the costs adjudged against plaintiff in error and the surety on his bond.

All concur.