TIBBALS FLOORING COMPANY, INC., Appellant,

*v.*

HENRY CLAY MARCUM, Appellee.

404 S.W.2d 498.

(*Knoxville,* September Term, 1965.)

Opinion filed June 3, 1966.

BAKER, WORTHINGTON, BARNETT & CROSSLEY, Knoxville, for appellant.

O'NEIL, JARVIS, PARKER & WILLIAMSON, Knoxville, and MAXWELL SEXTON, Oneida, for appellee.

510

MR. JUSTICE DYER delivered the opinion of the Court.

This is a Workmen's Compensation case. In this opinion Tibbals Flooring Company, Inc., will be referred to as employer and Henry Clay Marcum as employee.

On 7 October 1964 the trial court made an award to employee against employer for weekly benefits for permanent and total disability. On 1 June 1965 employer, through its attorneys, requested of employee, through his attorneys, that employee undergo a physical examination for the purpose of determining any change in his disability. In this letter the employer designated Dr. H. M. Leeds of Oneida, Tennessee, as the examining physician. On 14 June 1965 attorneys for employee replied, agreeing to an examination by a heart specialist, and suggesting a meeting to agree upon a doctor. The attorneys for these parties met and agreed upon Dr. Richard Sexton, a heart specialist, of Knoxville, Tennessee. Dr. Sexton examined the employee on 1 July 1965.

On the 2nd and 12th of July and the 3rd of August 1965 employer's attorneys continued their request for employee to submit himself to Dr. Leeds, employer's

physician, for an examination. The employee refused and continues to refuse this request.

On 2 August 1965 the employer filed its petition alleging there had been a substantial decrease of incapacity due solely to employee's injury. The petition prayed for a re-determination of employee's disability and employee be required to submit himself to an examination by employer's physician. The employee answered denying any decrease in disability.

On 30 September 1965 the employer filed a written motion requesting the court to order suspension of further weekly payments to the employee on the ground the employee had refused a reasonable request to submit himself for examination by employer's designated physician, Dr. Leeds. The trial judge denied the motion on the ground the examination of employee by Dr. Sexton, agreed upon by the parties, satisfied the statutory requirements. The denial of this motion makes up the sole issue here on appeal, which is the right of employer to have employee examined by employer's designated physician, Dr. Leeds. There is no issue made here that Dr. Leeds is other than well qualified to make such an examination.

The statute controlling the decision here is carried in the fourth paragraph of Section 50-1004, T.C.A. which, so far as pertinent, is as follows:

The injured employee must submit himself to the examination by the employer's physician at all *reasonable* times if requested to do so by the employer, * * *.

If the injured employee refused to comply with any *reasonable* request for examination * * *, his right to compensation shall be suspended and no compensation

shall be due and payable while he continues such refusal. 50-1004. (Italics supplied.)

In regard to the above language of T.C.A. sec. 50-1004 this Court in *Trent v. American Service Co.,* 185 Tenn. 298, 206 S.W.2d 301 (1947) said:

The purpose of the provision of the third [now fourth] paragraph whereby the injured employee must comply "with any reasonable request for an examination" "at all reasonable times" is obviously for the purpose, among others, of furnishing to the employer a fair means of ascertaining if and when the employee has entirely recovered from the injury for which the employer is paying compensation or of ascertaining whether the ailments from which the employee suffers at some period subsequent to the injury is due to that injury or to some other cause not connected with his or her employment. 185 Tenn. 303, 206 S.W.2d 303.

■ Under the above copied language of T.C.A. sec. 50-1004 employer has a right to medical reports, reflecting employee's condition, made by other than employee's doctors. This right is qualified only by the use of the word "reasonable" in the statute italicized above in this opinion. In determining the reasonableness of the request for such examination by employer the trial judge is vested with discretion. The many and varied situations possible to arise require such be the case.

■ In the case at bar employee has been examined by Dr. Sexton in the capacity of what amounts to a neutral physician. There is no allegation here Dr. Sexton is other than well qualified to make such an examination. Under the facts existing here we do not think the trial judge has abused his discretion in denying employer's motion:

Affirmed and remanded.

BURNETT, CHIEF JUSTICE, and WHITE, CHATTIN and CRESON, JUSTICES, concur.