

**FILED**

**December 7, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:10 A.M.**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Richard King | ) | Docket No.  2016-07-0378 |
| | ) | |
| v. | ) | State File No. 35498-2015 |
| | ) | |
| Big Binder Express, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

_____

### Reversed and Remanded - Filed December 7, 2016
_____

The employee in this interlocutory appeal suffered work-related injuries to his head, face, and vision when a crank handle struck him in the face.  The employer accepted the claim as compensable and provided medical and temporary disability benefits.  The employee's authorized ophthalmologist assigned a permanent impairment rating to the employee's vision but indicated that it was "skewed" because underlying test results were "unreliable and inconsistent."   Thereafter, the employer sought a medical examination of the employee pursuant to Tennessee Code Annotated section 50-6-204(d)(1).  The trial court ruled that the employer's request to have the employee examined was unreasonable because the employee's ophthalmologist was an authorized physician and the employer was merely seeking another impairment rating.  Accordingly, the trial court refused to order the employee to submit to the examination.  The employer has appealed.  We reverse the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Michael W. Jones, Nashville, Tennessee, for the employer-appellant, Big Binder Express, LLC

Jay DeGroot, Jackson, Tennessee, for the employee-appellee, Richard King

**Factual and Procedural Background**

On March 24, 2015, Richard King ("Employee"), a truck driver, suffered injuries arising out of and occurring in the course and scope of his employment with Big Binder Express, LLC ("Employer"). On that date, a crank handle, described in the record as a steel pipe with a handle on the end, struck him in the face with "extreme force" and knocked him unconscious for several minutes. Among other problems, Employee suffered a broken nose, headaches, memory loss, and blurred vision. Employer accepted the claim as compensable and provided medical and temporary disability benefits.

Employee was treated by an optometrist, an ENT, a neurologist, and an ophthalmologist. As pertinent to this appeal, Employee's authorized ophthalmologist, Dr. Jason Sullivan, assigned a permanent impairment rating of 34% to Employee's vision and placed him at maximum medical recovery. However, Dr. Sullivan wrote on the impairment evaluation form next to his impairment rating that "these results are skewed because of the unreliable and inconsistent results of the peripheral vision testing."

Employee was also examined by Dr. Samuel Chung, a neurologist, for the purpose of providing an impairment rating for various conditions associated with Employee's head injuries. Dr. Chung, who evaluated Employee at his request, provided impairment ratings totaling 13% to the body as a whole, but he did not provide an impairment rating for Employee's vision. Dr. Chung stated he would "defer the specific impairment rating for the eyes to the ophthalmologist," Dr. Sullivan.

Thereafter, Employer sought an opinion regarding the impairment to Employee's vision from the Medical Impairment Rating Registry ("MIRR Program").[1] Employee objected and, because there were no competing ratings pertaining to Employee's vision impairment, the MIRR Program declined to perform an evaluation. Employer then scheduled a medical examination regarding Employee's vision pursuant to Tennessee Code Annotated section 50-6-204(d)(1). Employee refused to attend the appointment, prompting Employer to file a petition for benefit determination.

The trial court concluded that Employer's request to have Employee examined was unreasonable because Dr. Sullivan was an authorized physician and Employer merely sought another medical impairment rating. The trial court explained that it could find "nothing reasonable about requesting another opinion when [Employer's] approved

---

[1] The MIRR Program may be invoked when "a dispute as to the degree of medical impairment exists" and establishes a mechanism for a neutral physician to evaluate the injured worker and assess an impairment rating, which is presumed accurate, although that presumption can be rebutted by clear and convincing evidence. Tenn. Code Ann. § 50-6-204(d)(5) (2015). Such a dispute exists when, among other things, "[a]t least two different physicians have issued differing permanent medical impairment ratings . . . and the parties disagree as to those impairment ratings." Tenn. Comp. R. & Regs. 0800-02-20-.01(7) (2015).

physician performed the testing." Accordingly, the trial court declined to order Employee to attend the examination Employer had scheduled. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)     Violate constitutional or statutory provisions;
(B)     Exceed the statutory authority of the workers' compensation judge;
(C)     Do not comply with lawful procedure;
(D)     Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)     Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

A trial court's decision to grant or deny an employer's request for a medical examination pursuant to Tennessee Code Annotated section 50-6-204(d)(1) is reviewed on appeal under an abuse of discretion standard. *Overstreet v. TRW Commer. Steering Div.*, 256 S.W.3d 626, 639 (Tenn. 2008). This standard prohibits an appellate court from substituting its judgment for that of the trial court, and the appellate court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). That said, discretionary decisions "require a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015).

## Analysis

### A.

The sole issue on appeal is whether the trial court erred in denying Employer's request to have Employee examined pursuant to Tennessee Code Annotated section 50-6-204(d)(1). Employer contends that its request was reasonable given that the authorized treating ophthalmologist, Dr. Sullivan, made clear that his impairment rating was uncertain because it was based on unreliable test results. Employee responds that

Employer seeks only to obtain a lower impairment rating and, therefore, Employer's request is per se unreasonable. For the reasons that follow, we find that Employer is entitled to the requested medical examination.

The pertinent statute, section 50-6-204(d)(1), provides that the "injured employee *must* submit to examination by the employer's physician at all reasonable times if requested to do so by the employer." (Emphasis added.) Moreover, when a party's physical or mental condition is at issue, "the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . upon motion for good cause shown . . . ." Tenn. R. Civ. P. 35.01.[2]

An employer's right to have an employee examined by a physician of its choice has been a frequently disputed issue in workers' compensation cases for decades. As far back as 1947, for example, the Tennessee Supreme Court addressed the issue when an employer requested an employee be required to attend an examination on the theory that the employee's problems were due to syphilis rather than a work-related back injury. *Trent v. American Serv. Co.*, 206 S.W.2d 301 (Tenn. 1947). The trial court ruled the employer was entitled to the examination, which would involve the extraction of spinal fluid. *Id.* at 302. The Supreme Court affirmed, finding withdrawing spinal fluid to be akin to drawing blood and that the requested examination was "entirely reasonable." *Id.* at 304. In reaching that conclusion, the Supreme Court observed that the statute allowing an employer to request a medical examination, now section 50-6-204(d)(1), was designed to provide "the employer a fair means of ascertaining if and when the employee has entirely recovered from the injury for which the employer is paying compensation or of ascertaining whether the ailments from which the employee suffers at some period subsequent to the injury is [sic] due to that injury or to some other cause not connected with his or her employment." *Id.* at 303.

Years later, in *Stubblefield v. Hot Mix Paving Co.*, 383 S.W.2d 44 (Tenn. 1964), the Supreme Court affirmed a trial court's order requiring an injured worker to attend an examination that necessitated travelling some distance. The Court held that

> [t]he employer has a right to have the employee examined by a doctor or a physician of [the employer's] choosing so long as [the employer] . . . pays the expense of the employee . . . for the very obvious reason of having [the employer's] own physician determine whether or not he thinks the employee is injured as he claims. This then provides the evidence pro and con on behalf of the employee and employer for the trier of facts to weigh and reach his determination.

---

[2] "[T]he Tennessee Rules of Civil Procedure shall govern proceedings at all hearings before a workers' compensation judge unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1) (2015); *Syph v. Choice Food Grp., Inc.*, No. 2015-06-0288, 2016 TN Wrk. Comp. App. Bd. LEXIS 18 (Tenn. Workers' Comp. App. Bd. Apr. 21, 2016).

4

*Id.* at 47. Thus, the rule has developed that "physical examinations requested pursuant to Tennessee Code Annotated section 50-6-204(d)(1) generally should be granted." *Perry v. Gap, Inc.*, No. M2004-02525-WC-R3-CV, 2006 Tenn. LEXIS 448, at *7 (Tenn. Workers' Comp. Panel May 31, 2006).

However, an employer's right to an examination of an employee pursuant to section 50-6-204(d)(1) by a physician of the employer's choosing is not without limits. In particular, both by statute and case law, the employer's request must be reasonable. In *Overstreet*[3] for example, the employer, citing section 50-6-204(d)(1) and Tennessee Rule of Civil Procedure 35.01, argued that the trial court erred in refusing to grant its request for an examination of an employee. The Tennessee Supreme Court agreed, holding that an employer is entitled to an examination by a physician of its choosing "so long as the request is reasonable." *Id.* The Court explained that

> an employer has a statutory right to compel an injured employee to undergo a medical evaluation by a physician of the employer's choosing. The employee may challenge the request as unreasonable in light of the circumstances. If the trial court determines the request is reasonable, the employee must submit to a medical evaluation conducted by the physician of the employer's choice. Any failure on the part of the employee to comply with such an order may result in a dismissal of the workers' compensation claim. If the employer's request is unreasonable, the trial court should deny the request, but must specifically state its reasons in the record.

*Id.* at 639 (citations omitted).

To assist trial courts in determining whether an employer's request is reasonable, the Supreme Court has indicated courts should be mindful of whether the proposed examination will subject the worker to "appreciable pain or suffering or danger to life or health." *Id.* at 637. In addition, the Court has observed that its decisions regarding employer-requested examinations "should not be interpreted to stand for the proposition that a reasonable request by an employer for a medical evaluation of the employee is satisfied by an evaluation conducted by the employee's treating physician." *Id.* at 639.

In short, the only limitations placed on the employer's right to require the employee to submit to an examination by a physician of the employer's choosing is that the employer's request be made at a "reasonable time[]," Tenn. Code Ann. § 50-6-204(d)(1), and "be reasonable, as a whole, in light of the surrounding circumstances,"

---

[3]*Overstreet* affirmed the principle established in *Trent* that an employer is entitled to have an employee examined if reasonably necessary to evaluate a claim, but has been abrogated on other grounds. *See Hayes v. Am. Zurich Ins. Co.*, No. E2010-00099-WC-R3-WC, 2011 Tenn. LEXIS 458, at *16 n.3 (Tenn. Workers' Comp. Panel May 25, 2011).

*Overstreet*, 256 S.W.3d at 637 n.4.  Subject to these limitations, "if an employer's request for such an examination is reasonable, . . . the trial court is obligated to grant it." *Irons v. K & K Trucking, Inc.*, No. M2010-01280-WC-R3-WC, 2011 Tenn. LEXIS 614, at *9 (Tenn. Workers' Comp. Panel July 14, 2011).  Reasonableness in "each case must be determined upon all the particular facts of that particular case." *Trent*, 206 S.W.2d at 304.

## B.

Guided by the foregoing principles, we turn to the circumstances of this case.  The trial court found Employer's request was unreasonable because the physician who assigned the impairment rating to Employee's vision, Dr. Sullivan, was an authorized treating physician.  While Dr. Sullivan's status as an authorized physician may be a factor to consider in determining whether the request for an examination is reasonable, it is not the sole determinative factor.[4]  In *Overstreet*, as here, the employee's treating physician was authorized by the employer.  However, the Supreme Court in *Overstreet* observed that a request for an employer's medical examination is not satisfied merely because the employee was examined by his or her authorized physician.  *Id.* at 639.  Implicit in the Court's observation is the conclusion that an authorized physician is not the functional equivalent of a physician of the employer's choosing for purposes of section 50-6-204(d)(1).[5]

Moreover, if we were to accept Employee's position that an employer's examination request made pursuant to section 50-6-204(d)(1) is per se improper when the disputed opinion comes from an authorized physician, the reasonableness standard embodied in the statute and applied by the courts would be reduced to a single consideration.  This we decline to do.  Instead, all relevant circumstances should be taken into account when assessing the reasonableness of a request made pursuant to section 50-6-204(d)(1).  As stated by the Supreme Court, reasonableness in "each case must be determined upon all the particular facts of that particular case." *Trent*, 206 S.W.2d at 304.  Thus, the reasonableness of an employer's request must be examined in light of all the surrounding circumstances, and when an employer has sufficient reason to question the opinion of an authorized physician, it may do so by seeking an examination as authorized by section 50-6-204(d)(1).  Here, there is no dispute that Dr. Sullivan

---

[4] *See generally Cross v. Norrod Builders, Inc.*, No. M2005-00743-WC-R3-CV, 2006 Tenn. LEXIS 855, at *9 (Tenn. Workers' Comp. Panel Apr. 11, 2006) (In the context of a conflict between a physician and an adjuster that had been caused by the adjuster's interference with the employee's treatment and insistence that the employee be placed at maximum medical improvement, the Panel observed that "[t]he statute does not require repeated examinations be conducted because the employer is displeased with the results," particularly when the employer or its agent caused those results.).

[5] Although an employer is responsible for composing the panel of physicians, the selection of the authorized physician ultimately rests with the employee.  Tenn. Code Ann. § 50-6-204(a)(3)(A)(i) (2015).

significantly undermined the impairment rating he gave, which was the only impairment rating for Employee's vision, characterizing it as "skewed" because the underlying test results were "unreliable."

The trial court also explained that Employer "seeks only another impairment rating." Assuming for the sake of analysis that such a rationale would be an insufficient basis to request an examination under section 50-6-204(d)(1), Employer's position as reflected in its papers filed in the trial court and at the expedited hearing contradicts the trial court's characterization of Employer's request. While acknowledging that Dr. Sullivan's impairment rating of 34% was high, the crux of Employer's position was that Dr. Sullivan's opinion was "skewed because of the unreliable and inconsistent results of the peripheral vision testing." Employer made no argument that the rating was too high or too low, with Employer's counsel observing:

> I don't know what the rating should be. All I know is that the basis of the rating that [Dr. Sullivan] has provided states that [it's] based on unreliable tests and that the results are skewed. At the end of the day, [Employee] may have exactly the same rating, but I believe it's appropriate that we clarify that before we move forward.

In addition, Employer's counsel took the position that "there is in controversy the basis for testing, the visual testing basis for the visual medical impairment rating when the doctor's report states that it's skewed and unreliable. And that's the basis for our request for an independent medical evaluation." Furthermore, Employer's counsel asserted that "[i]f the doctor had . . . just made a 34 percent body-as-a-whole impairment rating here, we wouldn't be having this discussion." Employer's argument on appeal is consistent with these arguments made below, i.e., that Dr. Sullivan's belief the impairment rating he provided was untrustworthy, coupled with Dr. Chung's deferring to Dr. Sullivan to rate Employee's visual system, results in an inability on the part of Employer to adequately evaluate Employee's claim for permanent disability benefits.

In our view, the evidence preponderates in favor of a finding that Employer's request was reasonable. If the visual testing results are unreliable, so is the rating, a point Dr. Sullivan clearly recognized. The record contains nothing to the contrary. Consequently, Employer is entitled to the requested medical examination of Employee as authorized by section 50-6-204(d)(1).[6]

---

[6] We also note that Employer first attempted to obtain a reliable impairment rating by utilizing the MIRR Program, which would have permitted Employee to participate in choosing the physician to render the impairment rating. Because the physician performing an evaluation within the confines of the MIRR Program is not hired by either party, Employer's attempt to obtain an impairment rating in this manner supports its contention that it is seeking an accurate rating rather than merely a lower rating as Employee asserts.

Before concluding, we note that in denying Employer's request, the trial court relied upon *Long v. Tri-Con Industries*, 996 S.W.2d 173 (Tenn. 1999). In *Long*, the employer's request for a medical examination, made because "the impairment rating assigned by [the treating physician] was 'significantly higher than anticipated,'" was granted by the trial court but the court's order specified which physician was to perform the examination. *Id.* at 178-79. The Supreme Court's analysis of the issue focused on whether the trial court erred in specifying the physician to perform the examination, not whether granting the employer's request for an examination was proper. Thus, *Long* is not helpful in resolving the present case.

The trial court also relied on *Perry v. Gap, Inc.*, No. M2004-02525-WC-R3-CV, 2006 Tenn. LEXIS 448 (Tenn. Workers' Comp. Panel May 31, 2006), which is likewise distinguishable. In *Perry,* the Special Workers' Compensation Appeals Panel agreed with the trial court's conclusion that the employer was not entitled to an examination because the employee had already been "seen by another of [the employer's] doctors and [the court] will not require her to go to yet another doctor." *Id.* at *6. However, in affirming the trial court's denial, the Panel observed that the physicians involved in the care of the employee had provided testimony that was "sufficient to fulfill the statutory requirements in Tennessee Code Annotated section 50-6-204(d)(1)." *Id.* at *7-8. Such is not the case here, as the only medical impairment rating in the record regarding Employee's vision has been deemed unreliable by the very physician who provided that rating. Accordingly, Employer's request in the present case is "entirely reasonable." *Trent*, 206 S.W.2d at 304.

### Conclusion

For the foregoing reasons, we hold that the trial court abused its discretion in denying Employer's request for a medical examination of Employee as authorized by section 50-6-204(d)(1). Accordingly, the trial court's decision is reversed and the case remanded.

8



**FILED**

**December 7, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:10 A.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Richard King | ) | Docket No.    2016-07-0378 |
| | ) | |
| v. | ) | State File No.  35498-2015 |
| | ) | |
| Big Binder Express, LLC, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of December, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jay DeGroot | | | | | X | jdegroot@garretylaw.com ghayes@garretylaw.com |
| Michael W. Jones | | | | | X | mjones@wimberlylawson.com jbartell@wimberlylawson.com |
| Allen Phillips,  Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Jeanette.Baird@tn.gov