FILED

January 30, 2017

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time 12:25 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **CARMEN L. RICKS,** | ) | **Docket No. 2015-08-0454** |
| **Employee,** | ) | |
| **v.** | ) | |
| **METHODIST HEALTHCARE,** | ) | **State File No. 93545 2014** |
| **Employer,** | ) | |
| **And** | ) | |
| **PMA GROUP,** | ) | **Judge Allen Phillips** |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER FOR MEDICAL BENEFITS
## (DECISION ON THE RECORD)

---

This matter came before the undersigned Workers' Compensation Judge on January 25, 2017, for a Compensation Hearing. Upon a joint motion, the parties requested a decision on the record, in lieu of convening an evidentiary hearing. The Court issued a Docketing Notice listing the documents to be considered. This Court gave the parties until January 5, 2017, to file objections to the admissibility of the listed documents and until January 9, 2017, to brief the issues. This Court finds it needs no additional information to determine the disputed issues. Accordingly, the Court decides this matter upon a review of the written materials.

The central legal issue is whether Ms. Ricks' requested mileage reimbursement constitutes a reasonable medical expense. For the following reasons, the Court holds Ms. Ricks is entitled to the requested reimbursement.

### History of Claim

On October 15, 2015, the parties entered into a settlement agreement that provided Ms. Ricks future medical benefits. The authorized medical providers for her care are located in Memphis; Ms. Ricks lives approximately sixty miles away. Methodist refused

1

to pay Ms. Ricks a mileage reimbursement based upon the distance she traveled between her home and Memphis. Instead, it offered to pay reimbursement based upon the distance Ms. Ricks would be required to travel if she made appointments for days that she works at her new job, nearer to Memphis.

The disagreement prompted Ms. Ricks to file a Petition for Benefit Determination seeking reimbursement of mileage expenses from her home to her providers. When the parties could not resolve the dispute through mediation, the mediator issued a Dispute Certification Notice that listed Methodist's defense as: "Employee should go to doctor on her scheduled work days."

Methodist did not contest the alleged distance Ms. Ricks traveled between her home and the providers. However, Methodist did contest that the Workers' Compensation Law requires it to reimburse her for those distances. Instead, Methodist contended "reasonable" travel expenses are those incurred by Ms. Ricks for traveling between her current employer and her providers. Methodist argued the law does not require it to pay a larger mileage reimbursement because of Ms. Ricks' choice to travel from her home to the providers, a practice "which she finds to be more convenient for her." Methodist contended its position of paying only mileage between her current employer and her providers is an "equitable result," and the amount "she would be paid if she was still working for Methodist."

Ms. Ricks admitted she scheduled appointments on her days off from her new job. She explained that "scheduling doctor's visits on her work days would mean a loss of real wages for which [Methodist] is not responsible for covering or reimbursing." Thus, to avoid a wage loss, she is required to travel from her home to Memphis, a roundtrip of over sixty miles, and has incurred, to date, $221.29 in mileage expenses. (Ex. 1.) She asked the Court to order Methodist "to reimburse her for the mileage she actually traveled from her home to her doctor's appointments." T.R. 4 at 4.

## Findings of Fact and Conclusions of Law

### Standard Applied

Because the sole issue is one of statutory interpretation, the Court must determine the reasonableness of Ms. Ricks' request by construing the applicable law fairly, impartially, and in accordance with basic principles of statutory construction." It cannot construe the statute "remedially or liberally" in favor of Ms. Ricks, but instead must favor neither she nor Methodist. Tenn. Code Ann. § 50-6-116 (2016).

2

*Analysis*

Tennessee Code Annotated section 50-6-204(a)(6)(A) provides that: "When an injured employee is required to travel to an authorized medical provider or facility located outside a radius of fifteen (15) miles from the insured worker's residence or workplace, then, upon request, the employee shall be reimbursed for reasonable travel." Though the parties agreed this statute is controlling, they disagreed regarding its application. Hence, the Court must determine the correct application and, for the following reasons, holds the interpretation offered by Ms. Ricks is proper.

When analyzing a statute's meaning, the Workers' Compensation Appeals Board directs the Court to begin its analysis by looking to the language of the statute itself. *Syph v. Choice Food Grp., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 18, at *9 (Apr. 21, 2016). In so doing, the Court must define the statute's words by their plain and ordinary meaning in the context in which they are used. *Id.* at *29. It must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. *Id.* at *29-30. As the Appeals Board reminds, when the words of a statute "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them." *Hadzic v. Averitt Express*, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *8 (May 18, 2015).

Turning to the statute, Section 50-6-204(a)(6)(A) requires reimbursement of travel expenses when the authorized provider is fifteen or more miles from the "insured worker's residence *or* workplace." (Emphasis added). It is generally accepted that "the word 'or,' as used in a statute, is a disjunctive article indicating that the various members of the sentence are to be taken separately." *Leab v. S & H Mining Co.*, 76 S.W.3d 344, 349 (Tenn. 2002), *citing* 73 Am. Jur. 2d *Statutes* § 241 (1974). Likewise, the word "or," in its general use, is defined as "a function word to indicate an alternative." www.merriam-webster.com/dictionary/or (last visited Jan. 20, 2017).

Thus, the Court finds the statute requires Methodist to reimburse Ms. Ricks for mileage expenses incurred when traveling from *either* her home *or* her workplace. The Court respectfully disagrees with Methodist when it argues that Ms. Ricks cannot "pick and choose how [she] wishes to be reimbursed." Instead, the statute actually provides that she might be reimbursed for *either* her mileage expenses from home or her mileage expenses from her workplace, not the lesser of the two. If the Court were to hold otherwise, it would ignore the clear use of the word "or" in the statute; an action forbidden by controlling authority. *Syph,* at *29-30. Likewise, the Court would also expand the meaning of the statute, another action forbidden by *Syph*, if it grafted onto the statute a directive that Methodist need only reimburse Ms. Ricks for the lesser of the two distances. Because the statute clearly allows for reimbursement of either the distance from Ms. Ricks' home or her workplace, the Court construes it to mean exactly that;

reimbursement for either distance regardless of which is the lesser.

The Court reaches the same conclusion when construing the statute's use of the word "reasonable." Methodist contends it is reasonable for it to reimburse Ms. Ricks for traveling only the shorter distance between her new job and her doctors' offices. In so doing, it points to what it calls improper reliance of Ms. Ricks upon *Maupin v. Methodist Medical Ctr.*, No. E1999-02181-WC-CV 03S01-9901-CC-00009, 2000 Tenn. LEXIS 102 (Tenn. Workers' Comp. Panel Mar. 2, 2000). There, the employee was unable to work. Thus, she had to travel from her home to her doctor appointments. *Id.* at *2. The employer contended, as does Methodist in this case, that the employee should be reimbursed only for the shorter distance between the employer's location and the provider. *Id.* at *3. The *Maupin* panel found that the employee might receive reimbursement from her home even if it were further from the providers than her employer. *Id.* But, as pointed out by Methodist, the *Maupin* panel specifically referenced the liberal construction of the Workers' Compensation Law required at the time. Thus, this Court will not rely upon *Maupin* as Ms. Ricks urges it to do.

However, the Court need not shackle the word "reasonable" to a more restrictive definition because the Legislature abrogated the liberal presumption. To the contrary, "reasonable" now means, as it did before the Reform Act of 2013, as follows: "having sound judgment; fair and sensible." www.google.com/search/resonable. (last visited Jan. 20, 2017). It is now, just as before, synonymous with "rational, logical, fair, just and equitable." *Id.* Hence, when this Court construes section 50-6-204(6)(A) fairly and impartially, it will consider reasonableness just as Tennessee courts always have; namely, it will determine what is reasonable based "upon all the particular facts of [the] case." *Trent v. Am. Serv. Co.*, 206 S.W.2d 301, 304 (Tenn. 1947).

Here, Ms. Ricks endeavors to set her appointments with approved providers on days she is not scheduled to work at her new job. The Court finds this to be reasonable. To hold otherwise limits her earning capacity and reduces her wages. This is contrary to her rehabilitation, which is an attribute of an effective workers' compensation system. The Court rejects Methodist's argument that if it still employed Ms. Ricks it would set her appointments on workdays rather than off days, thus limiting her to a lower reimbursement. The Court finds such irrelevant to the case; now that Ms. Ricks no longer works for Methodist, it no longer controls how her wages are paid. Accordingly, it should not choose how to reimburse her for mileage expense. According to the statute's own terms, Ms. Ricks may receive reasonable reimbursement for mileage expenses from either her home or workplace and choosing to earn a wage is reasonable and should not lessen her recovery.

**IT IS, THEREFORE, ORDERED** as follows:

4

1. Methodist shall pay Ms. Ricks mileage reimbursement in the amount of $221.29. Further, Ms. Ricks shall receive future reimbursement of mileage consistent with this order, namely reimbursement of mileage expenses incurred in travel from either her home or her workplace to the offices of approved medical providers.

2. Costs of this cause of $150.00 are assessed against Methodist Healthcare pursuant to Tenn. Comp. R. and Reg. 0800-02-21-.07 (2015), to be paid directly to the Clerk within five (5) business days of the date this Order becomes final.

**ENTERED this the 30ᵗʰ day of January, 2017.**

**Allen Phillips, Judge**
**Court of Workers' Compensation Claims**

## APPENDIX

Technical record:
1. Petition For Benefit Determination
2. Dispute Certification Notice
3. Docketing Notice For Compensation Hearing
4. Employee's Brief
5. Employer's Pre-Expedited [sic] Hearing Brief

Exhibit:
1. Employee's Chart showing her mileage expenses

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Compensation Hearing Order was sent to the following recipients by the following methods of service on this the 30ᵗʰ day of January, 2017.

| Name | Via Email | Service Sent To: |
|---|---|---|
| William B. Ryan, Esq., Attorney for Employee | X | billy@donatilaw.com |
| Kevin W. Washburn, Esq., Attorney for Employer | X | kwashburn@allensummers.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims

5